IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : Case No.: 20-12124 |
| **Jennifer Haken-Lafty** | : Chapter 13 |
| | : Judge Magdeline D. Coleman |
| Debtor(s) | : * * * * * * * * * * * * * * * * * |
| | : |
| **MidFirst Bank** | : Date and Time of Hearing |
| Movant, | : April 19, 2022 at 10:30 a.m. |
| | : |
| vs | : |
| | : Place of Hearing |
| **Jennifer Haken-Lafty** | : U.S. Bankruptcy Court |
| | : 900 Market Street, Suite 400, Courtroom #2 |
| **Kenneth E. West** | : Philadelphia, PA, 19107 |
| Respondents. | : |
| | Related Document # 63 |

## STIPULATION FOR SETTLEMENT OF CREDITOR MIDFIRST BANK MOTION FOR RELIEF FROM AUTOMATIC STAY FOR PROPERTY LOCATED AT 3234 FULLER STREET, PHILADELPHIA, PA 19136 (DOCKET # 63)

This matter coming to be heard on the *Motion for Relief from Stay* (Dkt. #63) which was filed in this court by MidFirst Bank ("Movant"), Movant and Jennifer Haken-Lafty by and through counsel ("Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of February 2022 through April 2022, incurring a total post-petition arrearage of $6,105.83, which consists of 3 post-petition payments for February 1, 2022 through April 1, 2022 at $1,632.61 each, and attorney fees and costs of $1,208.00. There is $1,324.61 in suspense, which reduces the total post-petition arrearage to $4,781.22

3. Debtor shall repay the total post-petition arrearage of $4,781.22 directly to the Chapter 13 Trustee who shall then disperse the funds to Creditor.

4. Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the May 1, 2022 post-petition payment.

5. Debtor shall file a modified Chapter 13 Plan wherein the post-petition arrearage for the months of February 2022 through April 2022 and attorney fees and costs are included in

1

20-011567_SCS2

the Plan. Debtor shall file the Motion to Modify Chapter 13 Plan within thirty (30) days of the Court Order approving this stipulation.

6. Movant is permitted to file a Supplemental Proof of Claim in the amount of $4,781.22 representing the total post-petition delinquency. The Supplemental Proof of Claim shall be paid as a secured claim through the Chapter 13 Plan.

7. Payments shall be sent to:

   MidFirst Bank
   999 NW Grand Boulevard
   Suite 100
   Oklahoma City, OK 73118

8. Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

9. The following are events of default under this Stipulation:

   a. Debtor's failure to file a Modified Chapter 13 Plan within 30 days of the Court Order approving this stipulation;

   b. Debtor's failure to remit any future monthly mortgage payment on or before the date on which it is due;

10. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

11. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

12. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates his case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

13. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: 4/12/2022　　　　　　　　　　BY: /s/ Alyk L. Oflazian

　　　　　　　　　　　　　　　　　　　　Alyk L. Oflazian (312912)
　　　　　　　　　　　　　　　　　　　　Manley Deas Kochalski LLC
　　　　　　　　　　　　　　　　　　　　P.O. Box 165028
　　　　　　　　　　　　　　　　　　　　Columbus, OH 43216-5028
　　　　　　　　　　　　　　　　　　　　614-220-5611; Fax 614-627-8181
　　　　　　　　　　　　　　　　　　　　Email: ALOflazian@manleydeas.com
　　　　　　　　　　　　　　　　　　　　Attorney for Creditor

Dated: 4/11/22　　　　　　　　　　　BY: [signature]

　　　　　　　　　　　　　　　　　　　　Brad J. Sadek
　　　　　　　　　　　　　　　　　　　　Sadek and Cooper
　　　　　　　　　　　　　　　　　　　　1315 Walnut Street, Suite 502
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19107
　　　　　　　　　　　　　　　　　　　　Email: brad@sadeklaw.com
　　　　　　　　　　　　　　　　　　　　Attorney for Debtor

I do not object to the foregoing Stipulation

Without Prejudice to Any Trustee Rights or Remedies

/s/ LeeAne O. Huggins
Kenneth E. West
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107

3